An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-988

Filed 1 July 2026

Brunswick County, No. 23CVS001868-090

RONALD D. WAGONER and PAMELA J. WAGONER, INDIVIDUALLY, And as Trustees of the WAGONER LIVING TRUST dated December 8, 2023, Plaintiff,

v.

JOHN W. ARCHER, JR. and LINDA W. ARCHER, Defendants.

Appeal by Plaintiffs from Order entered 2 April 2025 by Judge Jason C. Disbrow in Brunswick County Superior Court. Heard in the Court of Appeals 19 May 2026.

> *Law Offices of G. Grady Richardson, Jr., P.C., by Susan Groves Renton and G. Grady Richardson, Jr., for Plaintiffs-Appellants.*

> *The DiGuiseppe Law Firm, P.C., by Raymond M. DiGuiseppe, for Defendants-Appellees.*

HAMPSON, Judge.

## Factual and Procedural Background

Ronald D. Wagoner and Pamela J. Wagoner (Plaintiffs) appeal from an Order denying their Motion for Attorneys' Fees and Costs. The Record before us tends to reflect the following:

Plaintiffs own real property at 307 West Brunswick Street in Southport (the Wagoner Property). John W. Archer, Jr., and Linda W. Archer (Defendants) own a neighboring property at 306 West Moore Street, which shares a boundary line with the Wagoner Property. On their parcel, Defendants have a lean-to structure connected to their garage. A side wall of Defendants' lean-to abuts their property line with the Wagoner Property.

In early 2023, Defendants installed a "corrugated metal roof upon a wooden roof support structure" atop their lean-to (the Roof Structure). On 31 October 2023, Plaintiffs filed a Verified Complaint against Defendants alleging the Roof Structure extended over their property line, thus "encroach[ing] and trespass[ing] upon the Wagoner Property." Plaintiffs further alleged the Roof Structure "is slanted in such a way to intentionally and unnaturally direct and divert water from" Defendants' property onto the Wagoner Property. Plaintiffs asserted three causes of action. The first two causes of action were Trespass and Private Nuisance; for each claim, Plaintiffs alleged Defendants had caused them monetary damages "in excess of [$25,000], the precise amount to be proven at the trial of this matter." Plaintiffs' third cause of action sought equitable relief in the form of an Injunction; Plaintiffs asked the trial court to order Defendants to "immediately remove the encroaching Roof Structure[,]" refrain from further encroachments, and to "take any action necessary to repair, remediate, and/or restore the area of the Wagoner Property that has been damaged by Defendants' encroachment."

On 14 December 2023, Defendants filed an Answer denying all of Plaintiffs' substantive allegations, including Plaintiffs' claim their Roof Structure encroached on the Wagoner Property. On 20 December 2023, Plaintiffs served Defendants with discovery in the form of Interrogatories and Requests for Production of Documents. Defendants served their response to Plaintiffs' discovery requests on 19 February 2024.

Plaintiffs filed an Amended Complaint on 24 April 2024, again asserting causes of action for Trespass, Private Nuisance, and an Injunction. Plaintiffs again alleged Defendants' conduct constituting Trespass and Private Nuisance had caused Plaintiffs at minimum $25,000 in damages apiece. In an Amended Answer filed 17 June 2024, Defendants continued to deny all of Plaintiffs' substantive allegations.

Plaintiffs filed a Motion for Summary Judgment on 15 November 2024. In this Motion, Plaintiffs argued no genuine issues of material fact existed as to their assertion that Defendants had no "legally recognized interest in or claim to ownership of the portion of the Wagoner Property upon which they are encroaching." Plaintiffs asked the trial court to enter "an Order granting summary judgment in Plaintiffs' favor as to Plaintiffs' Amended Complaint against Defendants; compelling the removal of Defendants' encroachment from the Wagoner Property; and for such other and further relief as the [trial] [c]ourt may deem just and proper." Plaintiffs attached to the Motion two expert witness affidavits regarding title searches, deeds, and surveys of the parties' properties. A professional land surveyor, Stuart Y. Benson,

averred Defendants' Roof Structure "extends over and onto and encroaches upon the Wagoner Property by 1.2 feet." In a Memorandum of Law supporting their Motion, Plaintiffs requested "a mandatory injunction ordering the immediate removal of the Roof Structure from its location upon the Wagoner Property and further prohibiting Defendants from constructing any replacement roof structure which encroaches upon and/or diverts water directly onto the Wagoner Property."

On 7 January 2025, in response to Plaintiffs' Motion for Summary Judgment, Defendants submitted personal affidavits disputing Plaintiffs' position, contending "a clear question of material fact exists as to the configuration of the subject parcels and whether or not an encroachment onto the Plaintiffs' parcel exists." Defendants asked the trial court to deny the Motion.

The trial court held a hearing on Plaintiffs' Motion for Summary Judgment in January 2025.[1] On 27 January 2025, the trial court entered an Order granting summary judgment to Plaintiffs (Summary Judgment Order). In pertinent part, the trial court stated:

> Plaintiffs have presented uncontested, competent evidence utilizing affidavits from expert witnesses and the certified deeds recorded with the Brunswick County Register of Deeds which demonstrate, as a matter of law, that Defendants' Roof Structure extends 1.2 feet[ ] . . . over, into, and onto the Plaintiffs' Wagoner Property as shown on the survey and in the photographs accepted into evidence by the [trial] [c]ourt without objection.

---

[1] The Record does not contain a transcript of this hearing.

Thus, the trial court determined "Defendants by and through their Roof Structure have been and are impermissibly encroaching upon and trespassing upon Plaintiffs' Wagoner Property[,]" and that "[i]n balancing the equities in this case, it is equitable to order Defendants to remove the encroaching Roof Structure." Therefore, the trial court ordered Defendants to remove the Roof Structure or modify it so that it no longer encroached and to ensure any resulting structure did not encroach upon or divert water onto the Wagoner Property.

On 21 March 2025, Plaintiffs filed a "Motion for Attorneys' Fees and Costs" (Attorney Fees Motion). In this Motion, Plaintiffs alleged Defendants, in their filings throughout the litigation, and despite being "represented by legal counsel since at least 28 November 2023[,]" had "persisted in pursuing their nonjusticiable and frivolous positions and denials" in response to Plaintiffs' allegations that their Roof Structure encroached on the Wagoner Property. Specifically, Plaintiffs claimed Defendants had disputed the location of the property line by relying "upon hearsay and alleged oral discussions regarding property ownership" between prior owners of the parties' properties "as [Defendants'] basis for claiming ownership to a portion of Plaintiffs' property[.]" Plaintiffs claimed Defendants "reasonably should have been aware" these assertions, based on hearsay and unrecorded documents, could not as a matter of law establish Defendants' ownership of the disputed portion of property due to N.C. Gen. Stat. § 22-2, the statute of frauds, and N.C. Gen. Stat. § 47-18, which requires the registration of deeds of conveyance of real property. Thus, Plaintiffs

sought attorney fees under N.C. Gen. Stat. § 6-21.5, "which provides that the [trial] court 'may award a reasonable attorney's fee to the prevailing party if [it] finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading.' " Plaintiffs alleged Defendants' "position denying their encroachment on Plaintiffs' property lacked any justiciable issue of fact to support it[,]" which gave the trial court discretion to award attorney fees under N.C. Gen. Stat. § 6-21.5. Plaintiffs thereby requested the trial court order "an award of fees and costs against . . . Defendants."[2]

The trial court held a hearing on Plaintiffs' Attorney Fees Motion on 31 March 2025. In an Order entered 2 April 2025 (Attorney Fees Order), the trial court denied the Attorney Fees Motion, finding "Defendants had a good faith basis for their position and . . . Defendants had a justiciable issue." Plaintiffs timely provided written Notice of Appeal from the Attorney Fees Order on 25 April 2025.

## **Appellate Jurisdiction**

Although neither party raises this issue, we must address whether this appeal is properly before this Court. *See Akers v. City of Mount Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006) ("[When faced with] a jurisdictional issue, this Court has

---

[2] In addition to seeking attorney fees under N.C. Gen. Stat. § 6-21.5, Plaintiffs sought to recover other fees, costs, and expenses incurred during the litigation, citing the following statutory provisions: N.C. Gen. Stat. § 6-18(1) (prevailing plaintiffs in actions involving real property entitled to recover certain costs from losing party); N.C. Gen. Stat. § 6-20 (giving trial court discretion to award costs not otherwise provided for by statute); and N.C. Gen. Stat. § 7A-305(d) (enumerating categories of costs the trial court may award in civil actions, such as expert witness fees and expenses for service of process).

an obligation to address the issue *sua sponte* regardless [of] whether it is raised by the parties." (citation omitted)). "An interlocutory order is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Coates v. Durham Cnty.*, 266 N.C. App. 271, 272, 831 S.E.2d 392, 393 (2019) (citation, quotation marks, and ellipsis omitted). Generally, interlocutory orders are not immediately appealable. *See Akers*, 175 N.C. App. at 778-79, 625 S.E.2d at 146; *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950).

Here, Plaintiffs appeal from the Attorney Fees Order. In the statement of grounds for appellate review in their brief, Plaintiffs argue "this Court has appellate jurisdiction" to review the Attorney Fees Order under N.C. Gen. Stat. § 7A-27(b), because "[a] final judgment resolving all claims as to all parties has previously been entered in this matter[.]" While Plaintiffs do not identify the "final judgment" they claim was "previously . . . entered[,]" from our review of the Record, the 27 January 2025 Summary Judgment Order is the only order resolving any of the three claims in Plaintiffs' Amended Complaint. However, in the Summary Judgment Order, the trial court *only* disposed of Plaintiffs' Injunction claim by ordering Defendants to remove or modify the Roof Structure. Contrary to Plaintiffs' claim in their statement of grounds for appellate review, the Summary Judgment Order did not resolve—or even address—the causes of action in their Amended Complaint seeking monetary damages for Trespass and Private Nuisance.

"Where an order of summary judgment disposes of fewer than all claims between all parties[,] the order is interlocutory and, ordinarily, is not immediately appealable." *Dalton Moran Shook Inc. v. Pitt Dev. Co.*, 113 N.C. App. 707, 710, 440 S.E.2d 585, 588 (1994) (citing *Love v. Moore*, 305 N.C. 575, 578, 291 S.E.2d 141, 144 (1982)) (second citation omitted)). In the instant case, the Summary Judgment Order is interlocutory because it disposed of Plaintiffs' Injunction claim but not their Trespass or Private Nuisance claims. *See id.* Further, the Attorney Fees Order from which Plaintiffs directly appeal does not concern their Trespass or Private Nuisance claims for monetary damages whatsoever. The Attorney Fees Order only resolved the "Motion for Attorneys' Fees and Costs" Plaintiffs filed on 21 March 2025, subsequent to the Summary Judgment Order entered by the trial court on 27 January 2025. Thus, in this matter, there has not been a "final judgment . . . dispos[ing] of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381 (citations omitted). Therefore, the Summary Judgment Order and Attorney Fees Order, are interlocutory. *See Coates*, 266 N.C. App. at 272, 831 S.E.2d at 393.

"A party may appeal an interlocutory order if either: (1) the trial court certifies there is no just reason to delay appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b)[;] or (2) if delaying the appeal would affect a substantial right." *Id.* at 273, 831 S.E.2d at 394 (citation omitted). Here, neither the Summary Judgment Order nor the Attorney Fees Order contains a Rule 54(b) certification; therefore, we consider whether either

Order affects a substantial right.

"A substantial right has consistently been defined as 'a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right.' " *Id.* (quoting *Gilbert v. N.C. State Bar*, 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009)). "The burden is on the appellant to establish that 'the [interlocutory] order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.' " *Id.* (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). "Further, it is not the duty of this Court to construct arguments for or find support for the appellant's right to appeal from an interlocutory order." *Id.* (citation, quotation marks, and brackets omitted).

In the case *sub judice*, Plaintiffs have not addressed the interlocutory nature of the Summary Judgment Order or the Attorney Fees Order. Moreover, "[a]s discussed *supra*, [Plaintiffs'] appeal is interlocutory, and in [their] brief, [Plaintiffs] offer no substantial right that would be affected absent a review prior to a final determination on the merits." *Id.* Thus, we lack jurisdiction to review this matter on the merits. *See id.* at 273-74, 831 S.E.2d at 394. Therefore, we must dismiss this appeal. *Id.* at 274-75, 831 S.E.2d at 395 (citing *Akers*, 175 N.C. App. at 779-80, 625 S.E.2d at 146-47).

## Conclusion

Accordingly, for the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.

DISMISSED.

Judges STROUD and FREEMAN concur.

Report per Rule 30(e).